On Application for Rehearing.
By the WHOLE COURT,
PER CURIAM.
[10] In the opinion handed down in this case, in determining the effect of the act of Mrs. Beck, when she joined in and consented to the partition of the property among the four sons, which included her half thereof, and renounced her usufruct thereon, it is said that, as she received nothing in return for her half of the property *197 partitioned among the four sons, the act of Mrs. Beck, in consenting to the partition, might be regarded as a simulation, could it be construed as an intended transfer on her part, or as a recognition of her husband’s will bequeathing her half to the four sons, and that plaintiffs, who were not parties to the partition, as forced heirs of their mother, Mrs. Beck, now deceased, could not be estopped by it from recovering their portion of their mother’s half of said property. We should have said that, in so far as the act of Mrs. Beck, in joining in the partition, could be construed as a transfer of her half interest tó the four sons, it could not have amounted to anything more than a donation, and, as such, was null and void, because it was by private instead of by notarial act (Civil Code, art. 1536), and no estoppel could arise therefrom.
Rehearing refused.